Kevin W. Alexander (SBN: 175204)
Thomas J. Stoddard (SBN: 136299)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendant Guidant Corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK B. NIMTZ,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL CEPIN, M.D.; GUIDANT CORPORATION; and DOES 1 to 20,<br><br>Defendants. | Case No.: 08-CV-1294-L-AJB<br><br>**DEFENDANT GUIDANT CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PRETRIAL PROCEEDINGS PENDING TRANSFER OF ACTION TO MDL COURT**<br><br>[Filed concurrently with Memorandum of Points and Authorities in Support of Motion to Stay Pretrial Proceedings Pending Transfer of Action to MDL Court, Declaration of Thomas J. Stoddard, and Proposed Order]<br><br>Date: October 6, 2008<br>Time: 10:30 a.m.<br>Courtroom: 14<br>Judge: Hon. M. James Lorenz<br><br>Complaint Filed: 6/26/08 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 6, 2008 at 10:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable M. James Lorenz, in Courtroom 14, of the United States District Court, Southern District of California,

located at 940 Front Street, San Diego, CA 92101-8900, defendant Guidant Corporation ("Guidant") will move for an order to stay all preliminary pretrial proceedings, including Guidant's deadline to respond to plaintiff's complaint, and allow for such proceedings and deadline to be set by the Multidistrict Litigation Transferee District Court in the District of Minnesota that will be managing the multidistrict litigation entitled *In Re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL Docket No. 1708 (D. Minn.) ("MDL Court").

This motion is made on the ground that in the short intervening time between now and the transfer of the case to the MDL Court, the time and resources of the parties and this Court should not be expended in participating in pretrial proceedings. Absent a stay, it would be a waste of judicial resources for this Court to supervise pretrial proceedings and make rulings in a case over which it will likely lose jurisdiction. This motion is based on this notice of motion and motion, the memorandum of points and authorities, the declaration of Thomas J. Stoddard, all pleadings and records on file in this action, and any other arguments and evidence presented to this Court at or before the hearing on this motion.

Prior to filing this motion, counsel for Guidant contacted plaintiff in order to propose that the parties enter into a stipulation to discontinue all pretrial deadlines pending transfer to the MDL Court. However, the parties were unable to agree on this issue, thus necessitating the filing of this motion. (*See* Declaration of Thomas J. Stoddard ¶ 6, filed concurrently herewith.)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Guidant therefore requests that the Court grant this motion and vacate all pretrial deadlines pending transfer to the MDL Court.

Dated: July 25, 2008

GORDON & REES LLP

By: [signature]
Kevin W. Alexander
Thomas J. Stoddard
Attorneys for Defendant Guidant Corporation

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 101 W. Broadway, Suite 2000, San Diego, CA 92101. On July 25, 2008, I served the within documents:

1. DEFENDANT GUIDANT CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PRETRIAL PROCEEDINGS PENDING TRANSFER OF ACTION TO MDL COURT;
2. DEFENDANT GUIDANT CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PRETRIAL PROCEEDINGS PENDING TRANSFER OF ACTION TO MDL COURT;
3. DECLARATION OF THOMAS J. STODDARD IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING TRANSFER OF ACTION TO MDL COURT; and
4. [PROPOSED] ORDER GRANTING DEFENDANT GUIDANT CORPORATION'S MOTION TO STAY PROCEEDINGS PENDING TRANSFER OF ACTION TO MDL COURT

☒ BY ELECTRONIC FILING. I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Southern District, addressed as set forth below.

by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☒ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by United States Postal Service Express Mail as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

Frederick B. Nimtz (In Pro Per)
3815 Valley Vista Road
Bonita, CA 91902
(619) 479-7585

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 25, 2008, at San Diego, California.

Kimberlee Cole

Kevin W. Alexander (SBN: 175204)
Thomas J. Stoddard (SBN: 136299)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendant Guidant Corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK B. NIMTZ,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL CEPIN, M.D.; GUIDANT CORPORATION; and DOES 1 to 20,<br><br>Defendants. | Case No.: 08-CV-1294-L-AJB<br><br>**DEFENDANT GUIDANT CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PRETRIAL PROCEEDINGS PENDING TRANSFER OF ACTION TO MDL COURT**<br><br>[Filed concurrently with Notice of Motion and Motion to Stay Pretrial Proceedings Pending Transfer of Action to MDL Court, Declaration of Thomas J. Stoddard in support thereof, and Proposed Order]<br><br>Date: October 6, 2008<br>Time: 10:30 a.m.<br>Courtroom: 14<br>Judge: Hon. M. James Lorenz<br><br>Complaint Filed: 6/26/08 |

Defendant Guidant Corporation ("Guidant") submits the following Memorandum of Points and Authorities in support of its motion to stay proceedings pending transfer of action to MDL Court.

## I. INTRODUCTION

This is a personal injury/product liability action wherein plaintiff Frederick B. Nimtz ("plaintiff") alleges that a cardiac device manufactured by Guidant was defective, and as a result injured him after implantation. (Compl. 6:1-12.) Plaintiff filed his complaint on June 26, 2008, in the Superior Court of the State of California, County of San Diego. To date, Guidant has not been served with plaintiff's complaint. (Stoddard Decl. ¶ 2.) In addition, to the best of Guidant's knowledge, defendant Daniel Cepin, M.D. ("Dr. Cepin"), has not been served with plaintiff's complaint. (Stoddard Decl. ¶ 3.) Guidant removed this action to this Court on July 18, 2008.

Guidant respectfully requests that the Court stay all pretrial proceedings, including Guidant's deadline to respond to plaintiff's complaint, and allow such proceedings and deadlines to be set by the MDL transferee district court in the District of Minnesota that manages the multidistrict litigation entitled *In Re Guidant Corp. Implantable Defibrillators Product Liability Litigation*, MDL Docket No. 1708 (D. Minn.) ("MDL Court"). (Stoddard Decl. ¶ 4, Ex. "A.") Once this case is transferred to the MDL Court, all pretrial issues will be governed by scheduling orders entered by the Honorable Donovan W. Frank, who presides over MDL-1708. For reasons of uniformity and judicial economy, proceedings in this action should be stayed pending transfer to the MDL Court.

Prior to filing this motion, counsel for Guidant contacted plaintiff in order to propose that the parties enter into a stipulation to discontinue all pretrial deadlines pending transfer to the MDL Court. However, the parties were unable to agree on this issue, thus necessitating the filing of this motion. (Stoddard Decl. ¶ 6.)

/ / /

/ / /

/ / /

## II. ARGUMENT

### A. This Case Is Factually And Legally Related To MDL-1708.

This action is one of more than 2,050 cases pending in federal courts that allege cardiac devices manufactured by Guidant caused personal injury to plaintiffs implanted with such devices. On November 7, 2007, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") entered a Transfer Order establishing an MDL and consolidating and transferring a number of cases to the MDL Court. A true and correct copy of the transfer order establishing MDL-1708 is attached hereto as Exhibit "A." (Stoddard Decl. ¶ 4.) There are currently over 2,040 cases that have been transferred to the MDL Court and more cases are in the process of being transferred.

Here, plaintiff has asserted a cause of action for strict liability. He alleges that a that a cardiac device manufactured by Guidant was defective in its design and/or manufacture. As such, the other cases pending in MDL-1708 are potentially similar, both factually and legally, to the instant action. Due to this similarity, Guidant has identified this case as a tag-along action to be transferred to the MDL Court. (Stoddard Decl. ¶ 5.) A true and correct copy of the Guidant's Ninety-Seventh Notice of Potential Tag-Along Actions is attached as Exhibit "B." Guidant anticipates that the JPML will soon issue an order conditionally transferring this case to the MDL Court. (Stoddard Decl. ¶ 5.) In the interests of judicial economy, this Court should stay all proceedings in this action pending a decision from the JPML, and transfer of this action to the MDL Court.

### B. Federal Courts Have Broad Discretion To Stay Proceedings.

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (citations omitted). District courts often exercise their discretion

to stay proceedings in the context of multidistrict litigation because such stays are necessary to advance the interests for which the statutes authorizing multidistrict litigation were intended. *See* 28 U.S.C. § 1407; *see also In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 was intended to promote the 'just and efficient conduct' of the actions transferred [to the MDL court]) (citing H.R. Rep. No. 1130, 90th Cong., 2d Sess., reprinted in 1968 U.S. Code Cong. & Admin. News 1898, 1900)); *In re California Retail Natural Gas & Elec. Antitrust Litig.*, 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001) (centralization under section 1407 is necessary to eliminate duplicative discovery, prevent inconsistent rulings, and conserve the resources of the parties in litigation, their counsel, and the judiciary); Federal Judicial Center, *Manual for Complex Litigation* § 22.33, p. 367 (4th ed. 2004) (same.)

Because such stays are particularly valuable in promoting the purpose of coordinated multidistrict litigation, "it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (citations omitted); *see also Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) (deference to MDL court provides the opportunity for uniformity, consistency, and predictability in litigation that underlies the MDL system).

**C. <u>The Balance of Interests Strongly Favors A Stay</u>.**

In considering a motion for stay, a court should consider: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that will be saved by avoiding duplicative litigation. *Rivers v. Walt Disney Co., supra*, 980 F. Supp. at 1360 (citing *American Seafood v. Magnolia Processing, Inc.*, 1992 U.S. Dist. LEXIS 7374, 1992 WL 102762, at *1-2 (E.D. Penn. 1992)). In the instant action, the balancing of the hardships to the parties favors a stay.

**1. Plaintiff Will Suffer No Prejudice If This Action Is Stayed.**

Plaintiff will experience little or no harm from a stay of pretrial proceedings. Guidant has not been served with plaintiff's complaint. To the best of Guidant's knowledge, Dr. Cepin has not been served with plaintiff's complaint. In addition, no pretrial issues have been litigated, initial discovery has not began, and no trial date has been set. Because plaintiff has done nothing more than file his complaint for damages, there is no evidence that plaintiff will be prejudiced if this action were stayed pending transfer to the MDL Court.

Furthermore, the injuries alleged by plaintiff are not life-threatening and there is no indication that this action should not be stayed on the basis of plaintiff's health.[1] As noted above, transfer to the MDL Court is likely to occur promptly. Thus, any delay would be short and will have a minimal effect on plaintiff.

**2. Guidant Will Suffer Hardship And Inequity If This Action Is Not Stayed.**

This action is only one of over 2,050 cases filed against Guidant in federal courts. Guidant encourages this Court to consider the costs and financial burden on a party having to defend itself in multiple fora. This factor favors the entry of a stay pending a decision to issue a transfer order by the JPML. In addition, Guidant will be unduly burdened and its resources unfairly depleted should it have to proceed with pretrial matters including motion practice and discovery in this action pending transfer to the MDL Court. As shown below, Guidant will be exposed to potentially inconsistent pretrial rulings and discovery.

[1] In his complaint for damages, plaintiff alleges the following injuries: "Inability to sleep more than an hour without being awakened by an uneasy feeling and desire to urinate, frequent light headedness or dizziness, a constant nausea, a constant soreness in [his] joints and muscles, constant difficulty walking, continued difficulty conducting leisure activities to the point of elimination of them." (Compl. 6:7-12.)

Not only will Guidant suffer considerable hardship and inequity, both plaintiff and Guidant will needlessly expend time and money if this action is not stayed pending transfer to the MDL Court.

### 3. A Stay Will Conserve Judicial Resources And Avoid Duplicative Litigation.

A stay of pretrial proceedings by this Court will assist the MDL Court in achieving its goals of conserving judicial resources and ensuring uniform rulings on pretrial matters, while avoiding duplicative and costly burdens on the litigants.

Since MDL-1708 was established in November, 2005, the Honorable Donovan W. Frank has been responsible for the day-to-day management of these cases and has gained experiences and knowledge about the issues involved. Because of his experience with MDL-1708, Judge Frank is in the best position to make informed and consistent ruling on the various motions expected in this litigation. Once this action is transferred to the MDL Court, all pretrial issues will be governed by scheduling orders entered by Judge Frank. For reasons of uniformity and judicial economy, proceedings in this action should be stayed pending transfer to the MDL Court.

A stay is appropriate because it will promote coordination of the Guidant cases, thereby furthering the aim of judicial efficiency. *See, e.g., Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 804, 809 (N.D. Cal. 1998). Without a stay, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would likely be heard by another judge." *Rivers, supra,* 980 F. Supp. at 1360. Additionally, "any efforts on behalf of this Court concerning case management will most likely have to be replicated" by the MDL Court. *Id.* at 1360-1361.

Finally, a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Court because of the judicial resources that are conserved. *See, e.g., Lyman v. Asbestos Defendants*, No. C-07-4240 SBA, 2007 U.S. Dist. LEXIS 78766,

at *8-9 (N.D. Cal. Oct. 10, 2007) (granting motion to stay because it "will likely preserve judicial resources by preventing a duplication of proceedings" before the court and MDL court); *Hardin v. Merck & Co.*, No. C-07-007 SBA, 2007 U.S. Dist. LEXIS 29478, at *5 (N.D. Cal. April 4, 2007) (granting motion to stay all proceedings because the transferee judge possessed great familiarity with the facts and legal issues involved in the litigation, and allowing another court to decide on the issue will invite divergent results on identical law and facts).

Based on these factors, the interests of judicial economy and consistency weigh in favor of a stay of proceedings. Absent a stay, there would be a significant risk of inconsistent rulings on pretrial issues. Furthermore, without a stay, motion practice and discovery might commence in this action only to have the case later transferred to the MDL, thereby running the risk of needless duplication of effort.

## III. CONCLUSION

Although granting the stay will likely cause a brief delay to plaintiff, the risk of any prejudice to plaintiff is greatly outweighed by the hardship and inequity to Guidant, and, more importantly, by the interests of judicial economy. For these reasons, Guidant respectfully requests that all proceedings in this matter, including but not limited to Guidant's deadline to respond to plaintiff's compliant, the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

other discovery and pretrial deadlines, be stayed pending transfer of this action to the MDL Court.

Dated: July 25, 2008

Respectfully submitted,

GORDON & REES LLP

By: ______________________
Kevin Alexander
Thomas J. Stoddard
Attorneys for Defendant Guidant Corporation

Kevin W. Alexander (SBN: 175204)
Thomas J. Stoddard (SBN: 136299)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendant Guidant Corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK B. NIMTZ,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL CEPIN, M.D.; GUIDANT CORPORATION; and DOES 1 to 20,<br><br>Defendants. | Case No.: 08-CV-1294-L-AJB<br><br>**DECLARATION OF THOMAS J. STODDARD IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING TRANSFER OF ACTION TO MDL COURT**<br><br>[Filed concurrently with Notice of Motion and Motion to Stay Pretrial Proceedings Pending Transfer of Action to MDL Court, Memorandum of Points and Authorities in support thereof, and Proposed Order]<br><br>Date: October 6, 2008<br>Time: 10:30 a.m.<br>Courtroom: 14<br>Judge: Hon. M. James Lorenz<br><br>Complaint Filed: 6/26/08 |

I, Thomas J. Stoddard, declare:

1. I am an attorney at law duly licensed to practice before this Court and I am a partner with the law firm of Gordon & Rees LLP, counsel of record for defendant Guidant Corporation ("Guidant") in the above-captioned matter. The

following statements are within my personal knowledge, and if called upon to testify, I could and would testify competently thereto.

2. Guidant has not yet been served with plaintiff's summons and complaint

3. To the best of my knowledge, defendant Daniel Cepin, M.D. has not yet been served with plaintiff's summon and complaint.

4. Attached as Exhibit "A" is a true and correct copy of the Judicial Panel on Multidistrict Litigation's (JPML) Transfer Order establishing an MDL in the District of Minnesota, entitled *In Re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL Docket No. 1708 (D. Minn.).

5. On July 22, 2008, Guidant filed a notice of potential tag-along actions with the JPML identifying this action as a potential tag-along action to MDL-1708. Attached as Exhibit "B" is a true and correct copy of Guidant's Ninety-Seventh Notice of Potential Tag-Along Actions. Based on the similarity of allegations between this case and the cases in MDL-1708, it is anticipated that the JPML will issue an order conditionally transferring this case to the MDL Court in relatively short course.

6. Prior to filing the motion to stay, on July 18, 2008, I contacted plaintiff and proposed that the parties enter into a stipulation to stay all pretrial deadlines and proceedings pending transfer of this case to the MDL Court. Plaintiff indicated that he would consider entering into a stipulation, but that he needed to consult with an attorney-friend. As of this date, Plaintiff has not agreed to a stipulation to stay proceedings, thus necessitating the filing of the motion.

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct. Executed this 25th day of July, 2008, in San Diego, California.

[signature]

Thomas J. Stoddard

EXHIBIT "A"

MDL 1708

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 7 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1708*

***BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION***

***IN RE GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION***

***BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL***

## *TRANSFER ORDER*

PLEADING NO. 52

This litigation currently consists of two actions in the District of Minnesota and one action each in the Central District of California, Southern District of Florida, Southern District of Indiana and Eastern District of New York as listed on the attached Schedule A.[1] Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of the six actions. Plaintiff in one District of Minnesota action and plaintiff in the Southern District of Indiana action both seek centralization in the district in which their respective actions are pending. Defendants Guidant Corp., Guidant Sales Corp., and Cardiac Pacemakers, Inc. (collectively Guidant) initially opposed the motions, but now agree that centralization is warranted; however, the defendants propose the Northern District of Illinois as transferee district. Plaintiffs in all actions before the Panel agree that centralization is appropriate, as do plaintiffs in numerous potential tag-along actions, but some responding plaintiffs suggest transferee districts other than those proposed by the movants and Guidant, including the Northern District of California, Southern District of Florida, Eastern District of New York, Northern District of Ohio, and Eastern District of Pennsylvania, among others.

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations that certain implantable defibrillator devices manufactured by Guidant were defective and caused injury, or the threat of injury, to the plaintiffs and putative class members. Plaintiffs in some potential tag-along actions also bring claims related to pacemakers manufactured by Guidant. All devices at issue in these actions have been the subject of

---

[1] The Panel has been notified of over 60 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

OFFICIAL FILE COPY

IMAGED NOV 7 2005

written warnings, medical advisories, recalls, or some combination thereof. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given the varied locations of parties and witnesses in this docket and the geographic dispersal of pending actions, it is clear that a wide array of suitable transferee districts presents itself. In concluding that the District of Minnesota is an appropriate forum for this docket, we observe that this district, where at least ten actions are already pending before one judge, is a geographically central, metropolitan district equipped with the resources that this complex products liability litigation is likely to require. The District of Minnesota also has a nexus to this docket given the location there of key Guidant facilities involved in the development and manufacturing of the relevant devices.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1708 -- In re Guidant Corp. Implantable Defibrillators Products Liability Litigation

Central District of California

*Joseph Gabriele v. Guidant Corp.*, C.A. No. 5:05-487

Southern District of Florida

*Eugene Clasby v. Guidant Corp.*, C.A. No. 1:05-21485

Southern District of Indiana

*John Brennan v. Guidant Corp., et al.*, C.A. No. 1:05-827

District of Minnesota

*Edith Walker v. Guidant Corp.*, C.A. No. 0:05-1141
*Darci L. Munson v. Guidant Corp., et al.*, C.A. No. 0:05-1153

Eastern District of New York

*Larry Wenig, et al. v. Guidant Corp., et al.*, C.A. No. 2:05-2822

EXHIBIT "B"

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

**In re Guidant Corp. Implantable Defibrillators Products Liability Litigation**

**MDL No. 1708**

**NINETY-SEVENTH NOTICE OF POTENTIAL TAG-ALONG ACTIONS**

Pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendants Guidant Corporation, Guidant Sales Corporation and Cardiac Pacemakers, Inc. hereby respectfully notify the Clerk of the Panel of potential tag-along actions as set forth below and state as follows:

1. By Motion to Transfer dated June 14, 2005, Plaintiff Darcy Munson sought consolidation and coordination of several actions as set forth in the Schedule of Actions attached thereto.

2. By Transfer Order dated November 7, 2005, the Panel ordered that the actions subject to the Motion for Transfer be transferred to the District Court for the District of Minnesota and assigned to the Honorable Donovan W. Frank for coordinated and consolidated pretrial proceedings.

3. The following potential tag-along actions, like those actions identified in the original Schedule of Actions attached to Munson's Motion to Transfer, are pending in federal courts and involve allegations of injuries from cardiac medical devices:

**CALIFORNIA**

- *Nimtz, Frederick B. vs. Daniel Cepin, MD and Guidant Corporation, et al.;* Case No. 08-cv-1294 (USDC SD CA) removed on July 18, 2008;



3041872v1

**GEORGIA**

- *Clark, Tamia, the surviving minor child of Chandra Clark, by her next friend Linda Clark vs. Guidant Corporation, et al.;* Case No. 1:08-cv-2230 (USDC ND GA) removed on July 9, 2008.

4. Transfer of the potential tag-along actions to the District of Minnesota for consolidated and coordinated pre-trial proceedings is therefore appropriate for the same reasons as set forth in this Panel's Transfer Order.

5. Copies of the Complaints in these cases are attached hereto for the Panel's convenience.

Respectfully submitted,

Deborah A. Moeller by Jana J. Bartley

Deborah A. Moeller
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816:421-5547
dmoeller@shb.com
**Counsel for Defendants Guidant Corporation, Cardiac Pacemakers, Inc. and Guidant Sales Corporation**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**In re Guidant Corp. Implantable Defibrillators Products Liability Litigation**

**MDL No. 1708**

**PROOF OF SERVICE**

I hereby certify that on July 22, 2008, a copy of the Ninety-Seventh Notice of Potential Tag-Along Actions was served on counsel listed below, via U.S. Mail.

Deborah A. Moeller by Gary J. Bartley

**Counsel for Defendants Guidant Corporation, Cardiac Pacemakers, Inc. and Guidant Sales Corporation**

Charles S. Zimmerman
ZIMMERMAN REED
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402-4123
Phone: 612-341-0400
Fax: 612-341-0844
*Plaintiffs' Lead Counsel*

Richard Arsenault
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
Alexandria, LA 71301
Phone: 318-487-9874
Fax: 318-561-2591
*Plaintiffs' Lead Counsel*

Elizabeth Cabraser
LIEFF, CABRASER, HEMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Phone: 415-956-1000
Fax: 415-956-1008
*Plaintiffs' Lead Counsel*

Seth R. Lesser
LOCKS LAW FIRM, PLLC
110 East 55th Street
New York, NY 10022
Phone: 212-838-3333
Fax: 212-838-3735
*Plaintiffs' Lead Counsel*

Frederick B. Nimtz
IN PRO PER
3815 Valley Vista Road
Bonita, CA 91902
Phone: 619-479-7585
*Plaintiff Pro Per in Nimtz*

Craig T. Jones
EDMOND JONES LINDSAY, LLP
The Candler Blvd., Suite 410
127 Peachtree Street, NE
Atlanta, GA 30303
Phone: 404-525-1080
*Plaintiff's Counsel for Clark*