UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK B. NIMTZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DANIEL CEPIN, M.D., *et al.*,<br><br>　　　　　Defendants. | Civil No. 08cv1294 L(MDD)<br><br>**ORDER GRANTING WITH PREJUDICE DEFENDANT GUIDANT LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [doc. #41]** |

　　Defendant Guidant LLC ("Guidant") moves to dismiss *pro se* plaintiff's first amended complaint or alternatively to strike portions of the complaint. Although plaintiff's response was due on May 23, 2011, Mr. Nimtz has neither filed an opposition nor sought additional time in which to respond to the motion to dismiss. When an opposing party does not file papers in the manner required by Civil Local Rule 7.1(e.2), the Court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." CIV. L.R. 7.1(f.3.c). Notwithstanding the failure to file an opposition, the Court will review the motion on the merits to determine whether any legal issue exists that would preclude granting Guidant's motion to dismiss the FAC.

**A.　Background**

　　Plaintiff Frederick Nimtz had surgery in 2006, to implant an Insignia I Ultra, Model 1290 pacemaker that was manufactured by Guidant. He alleges that he suffered injury as a result of

the implantation of this device. Plaintiff alleges a claim of medical malpractice against Daniel Cepin, M.D., who has filed an answer to the FAC. The medical malpractice claim is not addressed in this Order.

**B.      Legal Standard for a Motion to Dismiss**

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A plaintiff must plead more than conclusory allegations to show "plausible liability" and avoid dismissal. *Id.* at 1966 n. 5. The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 127 S. Ct. at 1966).

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

**C.      Discussion**

In the FAC, plaintiff makes no allegations against defendant Guidant. The sole statement

1 in the FAC mentioning Guidant is: "Neither Dr. Cepin or Guidant have asked if i [sic] have
2 checked the pacemaker." FAC at 5. This statement fails to state any claim against defendant.
3 Although courts generally treat *pro se* pleadings under a less stringent standard than pleadings
4 drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), courts should not assume that
5 a plaintiff can prove facts that he has not alleged. *Assoc. Gen. Contractors of Cal., Inc. V. Cal.*
6 *State Council of Carpenters*, 459 U.S. 519, 526 (1983).

7 Here, plaintiff has not set forth any facts or legal theories upon which Guidant could be
8 held liable. Plaintiff was given an opportunity to amend his complaint to allege design defect,
9 manufacturing defect and/or failure to warn claims against Guidant that are not preempted under
10 FDCA. He has not done so. Accordingly, the FAC fails to state a claim against Guidant.

11 **D.   Conclusion**

12 Because the Court provided plaintiff with the requirements for pleading a cause of action
13 against Guidant and plaintiff failed to allege any facts or legal basis for a claim, the Court will
14 dismiss Guidant with prejudice.

15 For the reasons set forth above, **IT IS ORDERED:**

16 1.   Defendant Guidant's motion to dismiss plaintiff's FAC is **GRANTED WITH**
17 **PREJUDICE** and

18 2.   The Clerk of the Court not enter judgment at this time.

19 **IT IS SO ORDERED.**

20 DATED: June 1, 2011

21 _____
M. James Lorenz
22 United States District Court Judge

23 COPY TO:

24 HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE
25

26 ALL PARTIES/COUNSEL

27

28